# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Dayananda Gulvadi,

    Plaintiff,                                  Case No.

vs.                                                HONORABLE:

Testek Inc., a Michigan corporation,

    Defendant.

---

ALSPECTOR, SOSIN & NOVECK, PLLC
Robert M. Sosin (P35414)
Daniel Noveck (P28087)
Attorneys for Plaintiff
30100 Telegraph Road, Suite 360
Bingham Farms, MI 48025-5804
(248) 642-3200
robert@asnlaw.com
daniel@asnlaw.com

---

## **COMPLAINT AND JURY DEMAND**

### COMPLAINT

Plaintiff Dayananda Gulvadi ("Plaintiff") makes the following allegations for his Complaint against Defendant Testek, Inc. ("Defendant"):

1. Defendant is a Michigan corporation with its principal place of business in the Eastern District of Michigan.

2. This is an action to enforce Plaintiff's civil rights pursuant to the Title VII of the Civil Rights Act of 1964, as amended 42 U.S. Code § 2000e ("Title VII") and the Elliott-Larsen Civil Rights Act, MCL 37.2101 (ELCRA), arising out of Plaintiff's employment with Defendant.

3. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 42 USC 2000e-5 and 28 USC 1331 and 1343(4).

4. Plaintiff was employed by Defendant as chief bookkeeper from 1999 until January 2020 when Defendant discharged Plaintiff in violation of his civil rights.

5. Plaintiff is of Indian national origin.

6. During the course of his employment with Defendant, Plaintiff performed his job duties in a capable and competent manner for over twenty years.

7. During most of Plaintiff's employment with Defendant, the company was owned by individuals of Indian national origin and its operating officers were principally of Indian national origin.

8. Defendant was sold to an American investment firm in about 2016.

9. In about 2019, Defendant terminated numerous executives of Indian national origin and replaced them largely with persons of European/Caucasian national origin.

10. In about 2019, Defendant wrongly accused Plaintiff of malfeasance after twenty years with the company.

11. In January 2020, Defendant wrongfully terminated Plaintiff's employment.

12. Defendant terminated Plaintiff based on his Indian national origin and not because of malfeasance.

13. Defendant replaced Plaintiff, in whole or substantial part, with one or more non-Indian, Caucasian females, and otherwise discriminated against Plaintiff on the basis of his national origin.

14. Defendant discriminated against Plaintiff by treating him differently (worse) than similarly-situated employees of non-Indian national origin and falsely accused Plaintiff of malfeasance to justify his termination.

15. Plaintiff timely filed a charge of national origin discrimination with the Equal Employment Opportunity Commission (EEOC) and brings this action within 90 days of receiving his notice of right to sue from the EEOC.

16. Defendant owed Plaintiff a duty to observe the laws and statutes of the United States and the State of Michigan, including but not limited to Title VII and ELCRA, all applicable local ordinances, the common law, and the contractual obligations of the parties.

17. Defendant breached and disregarded its duties by wrongfully terminating Plaintiff's employment because of Plaintiff's national origin in violation of his civil rights; by treating Plaintiff differently (worse) than similarly-situated employees not of Indian national origin; by discriminating against Plaintiff with respect to his employment because of his national original; by accusing Plaintiff of conduct for which Defendant knew or should have known Plaintiff was not responsible; by ignoring the evidence demonstrating Plaintiff had capably and competently performed his job at all times; by discriminating against, harassing and treating Plaintiff unfairly because of his national origin; by discriminating against Plaintiff on the basis of his national origin intentionally and with reckless indifference to Plaintiff's rights and sensibilities; and by otherwise failing to adhere to Defendant's legal duties to Plaintiff.

18. As a proximate result of the wrongful acts and/or omissions of Defendant, Plaintiff suffered losses and damages, now and in the future, being deprived of his employment, losing income and benefits, suffering embarrassment, humiliation mental anguish and emotional distress, and incurring attorney fees and costs.

Accordingly, Plaintiff asks for Judgment against Defendant in an amount adequate to compensate for his losses, together with all interest, costs and attorney fees, and attorney fees and costs pursuant to Title VII and/or ELCRA.

By: /s/Robert M. Sosin
ROBERT M. SOSIN P35414
DANIEL NOVECK P28087
Attorneys for Plaintiff

Dated: April 8, 2022

## JURY DEMAND

Plaintiff requests trial by jury in this action.

By: /s/ Robert M. Sosin
ROBERT M. SOSIN P35414
DANIEL NOVECK P28087
Attorneys for Plaintiff

Dated: April 8, 2022

5